The People of the State of New York on the Complaint of Joseph H. McGovern, Respondent, *v.* Drydock & Corlears Park Properties, Inc., Appellant.

First Department, May 27, 1938.

*Grover C. Sniffen,* for the appellant.

*Francis J. Bloustein* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

Untermyer, J.   The information charged the defendant, alleged to be the owner of the premises known as 524–534 East Fifteenth street, with violating, on October 4, 1937, the provisions of sections 2 and 4 of article 2 of the Building Zone Resolution, adopted by

the board of estimate and apportionment of the city of New York, July 25, 1916, and as the same has been amended by the Amended Building Zone Resolution, adopted by said board September 29, 1927, in full force and effect in the city and county of New York " in that said premises are located in an unrestricted district, and the open lot thereof was occupied for the business of parking more than five cars on same street at the above described premises and within 150 feet of entrance of parochial school." It was further alleged that on May 17, 1937, an order was issued by the commissioner of buildings directing the defendant to discontinue the unlawful use, with which order the defendant failed to comply, within ten days after service thereof.

The question principally litigated at the trial was the existence on East Fifteenth street of an entrance to the parochial school referred to in the information, the defendant contending that the only entrance was on East Fourteenth street. The magistrate, sitting as a Court of Special Sessions, held upon sufficient evidence that there was an entrance to the school not only on East Fourteenth street but also on East Fifteenth street. We find no reason to disturb the conclusion of the magistrate on that issue of fact.

It is further contended, however, that the defendant has been convicted upon an information which charges an offense of which it was not guilty, even though it may have been guilty of an offense with which it was not charged and of which it was not found to be guilty by the judgment of conviction. The information, as already stated, charged the defendant with the violation of sections 2 and 4 of article 2 of the Building Zone Resolution, adopted on July 25, 1916, as amended September 29, 1927, " *in that* " the premises were located within 150 feet of the entrance to the parochial school. The single charge against the defendant was the violation of the Building Zone Resolution thus specifically referred to, which was alleged to have been committed in the manner stated in the information. The information does not allege two offenses, as the People contend, but charges only the violation of the resolution of July 25, 1916, as amended, though it contains a particularization of the acts constituting that offense. Not only is this evident from the information but it is likewise evident from the extract from the clerk's minutes of the judgment of conviction, from which it appears that the defendant was convicted of the violation of " Sections 2 and 4 of Article 2 of the Building Zone Resolution, as adopted by the Board of Estimate and Apportionment of the City of New York, July 25, 1916, and as the same has been amended by the Amended Building Zone Resolution, adopted by the said Board, September 29, 1927."

It is now conceded that the defendant did not violate any of the provisions of sections 2 and 4 of article 2 of the Building Zone Resolution, as amended, with which it was charged in the information and of which, as the clerk's minutes disclose, it was found guilty. That resolution relates to the use of premises for parking in a " restricted " district, whereas the defendant's property was, concededly, situated in an " unrestricted " district. Nevertheless, at the trial, over the defendant's objection and exception, the People were permitted, without any amendment of the information, to establish that the defendant had violated section 21 of the Building Zone Resolution, adopted on April 23, 1937, as amended on June 4, 1937, which prohibits the use of premises for the parking of more than five motor vehicles within 200 feet of the nearest exit from or entrance to a public school, or " to duly organized schools for children under sixteen years of age, giving regular instruction at least five days a week for eight months or more each year, owned and operated by any established religious body or educational corporation." That resolution would include the defendant's premises, though located in an " unrestricted " area.

A situation is thus presented where the defendant was charged with the violation of a resolution which, concededly, it did not violate but of which the clerk's minutes show it was, nevertheless, convicted. Upon no theory may that conviction be permitted to stand, even though, from the summons served on the defendant and from the order of the commissioner of buildings, both of which refer to section 21 of the Building Zone Resolution, the defendant may have suspected that it was intended to charge a violation of that section. The defendant had the right to rely on the information as setting forth the offense for which it would be tried and it has the right now to rely on the clerk's minutes of the judgment as the authentic record of the offense of which it was convicted.

Attention is also directed to the fact that even the violation of section 21 of the Building Zone Resolution was not adequately established in that the People failed to offer proof that the parochial school was engaged in " giving regular instruction at least five days a week for eight months or more each year." In the absence of such evidence the operation by the defendant of the premises for parking purposes was not shown to be in violation of section 21.

The judgment should be reversed, the information dismissed and the fine remitted.

O'MALLEY and GLENNON, JJ., concur; MARTIN, P. J., and DORE, J., dissent.

Judgment reversed, the information dismissed and the fine remitted.